**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

In re: Appeal of Sisters and        }
Brothers Investment Group, LLP      }
                                    }    Docket No. 66-5-01 Vtec
                                    }
                                    }

### Decision and Order on Motion for Summary Judgment

Appellant Sisters and Brothers Investment Group, LLP appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Colchester granting a dimensional variance to Appellee Cumberland Farms, Inc. Appellant is represented by David H. Greenberg, Esq.; Appellee is represented by Joseph P. Bauer, Esq.; the Town is represented by Richard C. Whittlesey, Esq.

Appellant has moved for summary judgment on all the issues in the Statement of Questions: 1) whether the variance application fails to meet criterion 1 of the five variance criteria; 2) whether the variance application fails to meet criterion 2 of the five variance criteria 3) whether the definition of variance in ' 101 of the Colchester Zoning Regulations violates the state requirements in 24 V.S.A. ' 4468 and is therefore preempted; 4) whether the variance application fails to meet Section 101 in that it would lead to the expansion of an otherwise prohibited use; and (5- the amended question added on November 14, 2001) whether the variance application fails to meet criterion 5 of the five variance criteria.

The following facts are undisputed unless otherwise noted. In 1986, Appellee purchased a .34-acre lot (A the front lot@ ) containing an existing convenience store and gasoline island, fronting on College Parkway (Route 15). The existing gasoline island is located within the 45-foot front setback area now applicable to this lot. In 1995, Appellee was granted a conditional use permit, variances, and site plan approval for intended improvements at the station, including the installation of two pump islands and a canopy. Appellee chose not to proceed with those permitted improvements, intending to file a revised application after acquiring more land.

In 1997, Appellee purchased a contiguous .232-acre undeveloped lot (A the back lot@ ), fronting on Johnson Avenue, resulting in the current .57-acre lot which is a trapezoidal so-called A through@ lot, fronting on two streets. The existing improvements occupy substantially all of the former front lot. A portion of the former back lot is burdened by rights-of-way which Appellee characterizes as A informal.@ The property is located in the General Development (GD-1) zoning district, in which the convenience store is a permitted use (' 2.112) and the gasoline sales use is neither a permitted nor a conditional use (' 9.500). The existing gasoline sales use therefore is a pre-existing, nonconforming use. Due to the trapezoidal shape of the lot and the two applicable front yard setbacks, only a relatively small area of the lot is suitable for development. The existing convenience store is within that envelope; the existing gasoline island is in entirely within the front yard setback of College Parkway.

In November and December of 2000, the ZBA and Planning Commission approved the enlargement of the existing gasoline island to extend an additional five feet to the east and an additional five feet to the west, that is, to lengthen the island but not to extend it any closer to

College Parkway. Those decisions were not appealed and have become final. They have not been provided to the Court.

Appellee thereafter applied for the dimensional variance at issue in this appeal: A to allow for the construction of a overhead canopy which will be located over the previously approved expanded gas island.@ The proposed canopy is 24 feet by 34 feet and would extend an additional 10 feet into the setback from College Parkway than does the existing gasoline island. The ZBA decision granting the variance has not been provided to the Court.

The variance at issue in this case addressed the construction of a canopy over an existing gasoline island, to be lengthened under an unappealed permit. The existing gasoline island is a pre-existing, nonconforming use and is also a non-complying structure as to the front setback; the proposed canopy would encroach into the front setback an additional ten feet beyond the preexisting dimensional encroachment.

The Zoning Regulations do not permit any addition or alteration to a noncomplying structure if the addition or alteration itself is noncomplying, except with a 24 V.S.A. ' 4468 variance. See Zoning Regulations ' 1802.1. Because ' 1802.1 adopts the state variance provision by reference, the state variance provision must be applied to any application for a variance, as well as any additional requirements for a variance established by the definition of A variance@ in ' 101 of the Zoning Regulations[1]. The only portion of ' 101 additional to 24 V.S.A. ' 4468 is its last sentence: A Establishment or expansion of a use otherwise prohibited shall not be allowed by variance, nor shall a variance be granted because of the presence of non-conformities in the zoning district or uses in an adjoining district.@ Summary judgment is therefore granted to Appellant on Question 3 of the Statement of Questions, to extent that 24 V.S.A. ' 4468 is applicable to this application, in addition to the last sentence of the definition of A variance@ in ' 101.

The remaining questions on summary judgment only apply if, indeed, a variance is required for the construction of the canopy, and if the construction of a canopy over an existing use constitutes the expansion of that use. It is possible that, if a variance is required at all, it may only be required for the additional ten feet of encroachment into the front setback and not for the entire canopy. In this regard, the Court has enclosed a recent, non-precedential decision of a three-justice panel of the Vermont Supreme Court for the parties= information: In re Appeal of Pearl Street Mobil, Docket No. 2001-249 (December 21, 2001) (Entry order).

If a variance is required for the construction of the canopy, Appellant argues that criteria 1, 2 and 5 of the state variance criteria cannot be met, nor can the last sentence of the definition of A variance@ in ' 101 be met, and therefore the variance should be denied on summary judgment.

Material facts are in dispute as to each of these criteria. As to criterion 1, material facts are disputed regarding whether the shape of the combined lot and the placement of the existing structures and underground storage tanks and piping constitute the unique physical circumstances required by this criterion. As to criterion 2, material facts are disputed regarding whether the variance is necessary to make any reasonable use of the property. As to criterion 5, material facts are disputed regarding whether the proposed canopy, or the ten additional feet of encroachment, is the minimum necessary to afford relief. As to the last sentence of the Town= s definition of variance, material facts are disputed regarding whether the placement of a canopy over an existing A use otherwise prohibited@ constitutes the expansion of that existing use.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellant= s Motion for Summary Judgment is GRANTED as to Question 3 of the Statement of Questions, and otherwise is DENIED. This application will be set promptly for one day of trial on the merits of the variance application; accordingly Appellee should advise the Court as soon as possible if any of its plans have changed that would affect the hearing on the merits of the application.

Done at Barre, Vermont, this 9th day of January, 2002.


_____
Merideth Wright
Environmental Judge

_____

**Footnotes**

1   Section 101 provides, in full:

Variance: An allowed deviation from specific requirements pertaining to a district granted by the Zoning Board to an applicant, where owing to the conditions peculiar to the property and not the result of the actions of the applicant; those requirements would result in unnecessary hardship in the reasonable development of the property. The variance will represent the minimum variance necessary to afford relief and will not change the essential character of the district. Establishment or expansion of a use otherwise prohibited shall not be allowed by variance, nor shall a variance be granted because of the presence of non-conformities in the zoning district or uses in an adjoining district.